IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY GRAHAM as the Personal Representative
of the Estate of Kenneth Graham, decedent,
MARY GRAHAM, individually and in her
personal capacity,

    Plaintiffs,

v.                                               CIV No. 13-673 MCA/GBW

COUNTY OF DONA ANA, *et al.*,

    Defendants.

## ORDER STAYING DISCOVERY

THIS MATTER is before the Court on Defendants' Motion to Stay. *Doc. 28*. The Court, having reviewed the Motion and noting that no response was filed, finds it well-taken and will GRANT it.

**I.   BACKGROUND**

On April 29, 2013, Plaintiffs failed a complaint in Doña Ana County district court pursuant to 42 U.S.C. §§ 1983 & 1988 and the New Mexico Tort Claims Act. *Doc. 1*, Ex. 2. The case was removed to this court on July 19, 2013. *Doc. 1.*

Plaintiffs seek damages relating to alleged violations of the civil rights of decedent Kenneth Graham. *See generally doc. 1*, Ex. 2. They claim that, on May 16, 2011, Kenneth Graham, who was terminally ill at the time, was arrested without probable cause, and with excessive force, in violation of his Fourth Amendment rights. *Doc. 1*,

Ex. 2 at ¶¶ 9, 45, 49. Plaintiffs also allege malicious prosecution of the decedent in violation of his First, Fourth, and Fourteenth Amendment rights. *Doc. 1*, Ex. 2 at ¶ 51.

According to the complaint, Defendant Sheriff's Deputy Samuel Rashe was dispatched to Mr. Graham's residence for a "welfare check" after his wife, Plaintiff Mary Graham, telephoned 911 and informed the dispatcher that Mr. Graham was not well and needed to be sedated and taken to the hospital *Doc. 1*, Ex. 2 at ¶¶ 9, 22. An altercation ensued, and decedent was tasered by Defendant Rashe, handcuffed, and eventually charged with both assault upon a police officer and assault upon a household member. *Doc. 1*, Ex. 2 at ¶¶ 31-37.

On May 12, 2014, Defendants filed a motion for summary judgment based in part on qualified immunity. *Doc. 27*. Defendants filed the instant Motion to Stay pending the outcome of the summary judgment motion on May 13, 2014. *Doc. 28*. Plaintiffs did not respond to the motion, timely or otherwise, and briefing was complete on June 1, 2014. *Doc. 32*.

## II. STANDARD OF REVIEW

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the

burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).  Finally, the qualified immunity defense may be asserted at various stages in the litigation process.  *See Robbins v. Wilkie*, 433 F.3d 755, 762-63 (10th Cir. 2006), *rev'd on other grounds*, 549 U.S. 1075 (2006) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)) (noting Supreme Court's holding that qualified immunity may be raised at multiple stages because "different legal factors are relevant at various stages").

### III.   ANALYSIS

Upon review of the briefing in this matter, the Court finds that a stay is appropriate.  Defendant Rashe has raised a qualified immunity defense, and this case

should therefore follow the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.

Additionally, Plaintiff did not respond, timely or otherwise, to Defendants' Motion to Stay. Such failure constitutes consent to grant the motion. *See* D.N.M.LR-Civ-7.1(b).

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay, *doc. 28*, is GRANTED, and this case is hereby STAYED pending the Court's disposition of Defendants' motion for summary judgment (*doc. 27*).

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE