IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY GRAHAM as the Personal Representative
of the Estate of Kenneth Graham, decedent,
MARY GRAHAM, individually and in her
personal capacity,

    Plaintiffs,

vs.                                                                 Civ. 13-673 MCA/GBW

COUNTY OF DONA ANA, et al.,

    Defendants.

## DEFENDANTS' REPLY MEMORANDUM FOR THEIR
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendants Dona Ana County, Dona Ana County Sheriff's Office[1], and DASO Deputy Samuel Rashe, by and through their counsel, Jonlyn M. Martinez, Law Office of Jonlyn M. Martinez, LLC, and hereby submit their Reply Memorandum for their Motion for Summary Judgment, as follows:

### INTRODUCTION

Plaintiff is the wife and Personal Representative of her deceased husband, and sues both on behalf of his estate, and on her own individual behalf. The essence of the claim is that her husband was ill and dying, but became violent and assaulted and threatened his family, causing them to call 911. The responding Deputy ultimately arrested him for assault, and the charges

---

[1] Defendants had asserted that the proper Defendant for the County would be the Board of County Commissioners, and the "Sheriff's Office" cannot be a separate defendant as a matter of law because governmental sub-units are not properly suable entities. ***Martinez v. Winner***, 771 F.2d 424, 444 (10th Cir.1985) ("("The 'City of Denver Police Department' is not a separate suable entity"). Plaintiff failed to respond to this argument in any way, thereby conceding same.

were not dismissed for lack of probable cause. However, he died about a week later of cancer. The gravamen of the Complaint are constitutional claims related to his arrest.

Plaintiff's Response seeks to transform the nature of the case, and is convoluted and confusing. It expressly concedes that Counts I through III must be dismissed because Section 1983claims simply cannot survive an unrelated death. [Doc 33 at 2-3, ¶ 8][2] However, Plaintiff proceeds to maintain that these Counts could survive as negligence claims. But there are no allegation in any of these Counts that could possibly be construed as negligent conduct. Further, even if there were, there is no applicable waiver under the New Mexico Tort Claims Act. Finally, as to Count IV, there is similarly no waiver of immunity, and this Plaintiff cannot make out a claim of negligence in any event.

In short, it is clear that all of the Section 1983 claims and intentional torts have been expressly conceded herein; further, Plaintiff's failure to address in any way the myriad of arguments related to those claims effectively conceded those arguments as well. Plaintiff now maintains that she has made negligence claims in those Counts, even though she did not; in any event, any such claims cannot survive, nor can her own.

## REPLY TO STATEMENT OF FACTS

Plaintiff explicitly admits to all of the Facts except for Fact 5 [Doc. 33 at 1, ¶3], as to which she takes issue with two aspects of it: she denies that her husband said he was going to pick up a rock, and denies that the Deputy "attempted" to tase him, claiming that he "successfully" did so. [Doc. 33 at 2, ¶4-6] First, it is submitted that this dispute is hardly material, given the substance of all of the other Facts which are admitted. Second, even if it were

---

[2] The Response is unconventional in that it proceeds in numbered paragraphs throughout.

presumed to be a material issue of fact, it is irrelevant in light of the dispositive nature of the legal arguments which have nothing whatsoever to do with this Fact.

## ARGUMENT

**COUNTS I THROUGH III**

Plaintiff expressly concedes that Counts I through III are Section 1983 claims which must be dismissed: "This court therefor has no alternative but to grant Defendants' Motion For Summary Judgment as to the intentional torts alleged to be a violation of federal law. Those counts are specifically Counts 1, 2, and 3..." [Doc 33 at 2-3, ¶ 8] Nevertheless, she attempts to resurrect these Counts by recasting them as negligence claims: "It is Plaintiff's contention that each of these acts is founded upon negligent conduct." [Doc. 33 at 3, ¶ 9] She does not identify any particular allegations identifying any negligent conduct, and this is not surprising because none exist. It is accurate, as Plaintiff asserts, that in each of these Counts she "specifically claimed that the conduct was in violation of the New Mexico Constitution and the New Mexico Tort Claims Act." [Doc. 33 at 3, ¶ 9] However, the Plaintiff fails to explain how this allegation establishes her purported negligence claim. Indeed, at one point in Count III she expressly alleged that the Deputy's acted "intentionally and maliciously." [Complaint, Doc. 1-2 at 10, ¶ 50] Of course, the alleged conduct in Counts I and II, arresting Plaintiff's husband without probable cause and with excessive force, are also necessarily wholly intentional acts. After all, it is not as though negligence is a lesser included offense of an intentional act; as a federal district court recently had occasion to observe, "there is no such thing as unintentional or negligent retaliation." ***Greenlee v. Southwest Health Systems, Inc.,*** Slip Copy, 2007 WL 2320544 * 12 (D.Colo.2007).

Further, insertion of new theories of relief into summary judgment briefing is generally prohibited. *See, e.g., Spencer v. Wal–Mart Stores, Inc.,* 203 F. App'x 193, 196, n. 2 (10th Cir.2006) (holding that raising a new theory of liability "in a response to a summary judgment motion does not properly present a claim to the district court for review, and accordingly the district court did not err in ignoring this claim in its order") (unpublished);[3] *Orr v. City of Albuquerque,* 417 F.3d 1144, 1153 (10th Cir.2005) (holding that district court did not abuse its discretion in refusing to consider theory of recovery raised for first time in response to summary judgment motion). While this is certainly not the time to seek to re-plead, Plaintiff has not sought to do so, either; rather, she has sought to maintain claims which simply have not been pled. In short, having conceded that Counts I through III should be dismissed, they should be dismissed.

However, even if one were to assume that she had actually pled these claims as negligence claims, they would indisputably be subject to the New Mexico Tort Claims Act. But there is no applicable waiver of immunity under that Act, nor does Plaintiff contend that there is. Indeed, Defendants had argued that there was no applicable waiver for the state constitutional claims of Mr. Graham [Doc. 27 at 12-13], and Plaintiff has failed to respond in any way, thereby conceding that argument.[4] The only waiver argument she makes is relative to Count IV. Even if this Court were to consider for Counts I through III the arguments Plaintiff makes regarding

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. *See* **Fed. R.App. P. 32.1; 10th Cir. R. 32.1.**

[4] The Local Rules mandate that a "motion, response or reply must cite authority in support of the legal positions advanced." **D.N.M. LR-Civ. 7.5(a)**. The court need not consider legal argument where a party fails to cite legal authority for its position. *See U.S. v. Heijnen,* 2007 WL 293471, *1 (10th Cir. 2007), ***citing, Phillips v. Calhoun,*** 956 F.2d 949, 953-54 (10th Cir. 1992) ("[...] issues are not supported by any developed legal argument or authority, and we need not consider them."), and *Flores v. Astrue*, 2007 WL 1677986, *1 (10th Cir. 2007), ***citing Rapid Transit Lines, Inc. v. Wichita Developers, Inc.***, 435 F.2d 850, 852 (10th Cir. 1970) ("A party's failure to cite any authority 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.'").

waiver of immunity for Count IV, Defendants' contentions as to the inappropriateness of the waiver in this context as set forth below would be equally applicable.

**COUNT IV**

Plaintiff maintains that Defendants have misconstrued this Count, and that it is only a claim for negligent infliction of emotional distress. [And see Complaint ¶ 58] Of course, Defendants were simply trying to address all possible interpretations of the claim. Defendants also argued reasons why it could not survive as a negligence claim; however, Plaintiff again wholly fails to address the arguments Defendants made in this regard, thereby conceding same. For example, generally speaking, damages for emotional distress in ordinary negligence actions are not permitted in New Mexico. ***Flores v. Baca***, 117 N.M. 306, 313, 871 P.2d 962, 969 (1994), and such a cause of action is only recognized in New Mexico for bystander liability when a bystander suffers "severe emotional shock as a result of witnessing a sudden, traumatic event that causes serious injury or death to a family member." ***Fernandez v. Walgreen Hastings Co.,*** 1998–NMSC–039, ¶ 6, 126 N.M. 263, 968 P.2d 774. Moreover, the New Mexico Supreme Court has specifically held that there is no waiver in the NMTCA for claims of intentional infliction of emotional distress. See ***Garcia-Montoya v. State Treasurer's Office***, 16 P.3d 1084, 1102 (N.M. 2001).

As to waiver of immunity, Plaintiff seeks to rely only on **N.M.S.A.1978 § 41-4-12**, the waiver of immunity specifically addressed to law enforcement officers, the very one Defendants had anticipated she would employ, and as to which they had detailed arguments why it would be inappropriate. Plaintiff never addresses the arguments Defendants made, thereby conceding that as well. Plaintiff maintains that this case is controlled by ***Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dept.,*** 1996 -NMSC- 021, 121 N.M. 646, 916 P.2d 1313, the case which specifically held that there was no waiver of immunity for negligent infliction of emotional

distress, as this District has recognized. *See Lovelace v. County of Lincoln*, Not Reported in F.Supp.2d, 2011 WL 2731179 *9 (D.N.M.2011) ("*see Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't,* 121 N.M. at 653, 916 P.2d at 1320 (holding that the NMTCA does not enumerate negligent infliction of emotional distress as a common-law tort for which immunity has been waived)") Plaintiff also sidesteps entirely an essential difference—in *Weinstein* the negligence of the law enforcement officers resulted in a third party committing one of the enumerated intentional torts, which is obviously not the case here. As was fully explained in *Lessen v. City of Albuquerque*, 2008 -NMCA- 085, 144 N.M. 314, 187 P.3d 179 {39} "with respect to the torts enumerated in Section 41–4–12, allegations of negligence are appropriate only to the extent that a law enforcement officer's negligence is alleged to have caused a third party to commit one of the specified intentional torts." (Citations omitted)

Instead, as with the other Counts, Plaintiff tries to shift the argument completely, and now maintains that her claims falls within the portion of 41-4-12 regarding the deprivation of a statutory right: "The negligent infliction of emotional distress Plaintiff asserts is a claim of personal injury. The statutory duty that is owed to her springs from Section 3-13-2." [Doc. 33 at 7-8] Indeed, Plaintiff maintains that: "The only difference between the two cases is that in *Weinstein* the plaintiffs relied upon Section 3-13-2A(2) NMSA 1978 to establish a statutory right for which immunity had been waived; in the case at bar, Plaintiff relies upon Section 3-13-2A(4)(a) NMSA 1978 to establish a statutory right for which immunity has been waived." [Doc. 33 at 6-7]

But, first, on its face this statute applies only to police officers of municipalities, and the officer in question here was a County Sheriff's deputy, as to which different statutes apply.

Second, what was the breach? It simply does not exist. The comparable statutory provision applicable here is presumably **N.M.S.A.1978 § 4-37-4**, which provides in full as follows:

> A. It is the duty of every county sheriff, deputy sheriff, constable and other county law enforcement officer to:
>
> (1) enforce the provisions of all county ordinances;
>
> (2) diligently file a complaint or information alleging a violation if circumstances would indicate that action to a reasonably prudent person; and
>
> (3) cooperate with the district attorney or other prosecutor in all reasonable ways.
>
> B. Any county law enforcement officer that fails to perform his duty in any material respect is subject to removal from office and payment of all costs of prosecution.

Not only has Plaintiff failed to make any argument in this regard, but, as with the other statute, it is readily apparent that there is no basis herein for alleging a breach thereof. Here, as in *Lessen, supra*, it is not clear that this statute would secure a right under 41-4-12, but that question need not even be reached given that Plaintiff has clearly failed to allege-- or argue-- a breach thereof:

> Plaintiff is correct that violation of certain statutorily imposed duties may result in waiver of immunity under Section 41–4–12. *See Cal. First Bank v. State,* 111 N.M. 64, 74, 801 P.2d 646, 656 (1990) (adopting a two-prong test to determine whether a statute secures a right under Section 41–4–12). However, we need not determine whether Section 27–7–30(A) secures a right under Section 41–4–12 because Plaintiff has not produced evidence that MDC employees violated the statute.

*Lessen, supra*, 2008 -NMCA- 085 {49}.

## CONCLUSION

For all of the foregoing reasons, Defendants submit that summary judgment should be entered in their favor, and against Plaintiff, on all Counts of Plaintiff's Complaint.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By *__Electronically filed June 25, 2014__*
 JONLYN M. MARTINEZ
 Attorneys for Defendants
 P.O. Box 1805
 Albuquerque, NM  87103-1805
 (505) 247-9488

I HEREBY CERTIFY that a true copy
of the foregoing was sent via CM/ECF
to all counsel of record on June 25, 2014:


              /s/