IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY GRAHAM, as the Personal
Representative of the Estate of Kenneth
Graham, decedent, and MARY GRAHAM,
individually and in her personal capacity,

    Plaintiffs,

vs.                                                  Civ. No. 13-673 MCA/GBW

COUNTY OF DONA ANA, et al.,

    Defendants.

**<u>ORDER</u>**

      This case is before the Court upon Defendants' Motion for Summary Judgment on Plaintiff's Complaint. [Doc. 27]  The Court has considered the written submissions of the parties, the record in this case and the applicable law, and is otherwise fully advised.

**STANDARD**

      Fed. R. Civ. P. 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As our Court of Appeals has succinctly stated:

> A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented.

A*damson v. Multi Cmty. Diversified Serv., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). It is not [the court's] province at the summary judgment stage to weigh the evidence or to make credibility determinations. *Sanders v. Southwestern Bell Tel., L.P.*, 544 F.3d 1101, 1105-06 (10th Cir. 2008).

In response to Defendants' Motion, Plaintiffs concede that under the authority of *Oliveros v. Mitchell*, 449 F.3d 1091 (10th Cir. 2006), Defendants are entitled to summary judgment on the federal claims alleged in Counts I-III.

Plaintiffs have disclaimed any intention to assert a federal basis for Count IV, Plaintiff's claim for personal injury—"Infliction of Emotional Distress of Mary Graham"—suffered in her personal capacity: "Plaintiff's claim for infliction of emotional distress is firmly rooted in the common law of New Mexico and the New Mexico Tort Claim Act." [Doc. 33 at 5, ¶ 14] Viewing the record in the light most favorable to Plaintiff, the Court concludes that a reasonable jury could find that Defendant Deputy Samuel Rashe, intentionally used a taser against Kenneth Graham, a visibly frail, 80-year old, unarmed, terminally-ill man. The Court concludes that a reasonable jury could find that the force employed by Defendant Rashe was not justified by the circumstances known to him. Specifically, a reasonable jury could find that Deputy Rashe could not have

reasonably believed that he or anyone present was in immediate danger of battery by a frail, terminally-ill 80-year old man. A jury inclined to this view of the evidence could find that Deputy Rashe committed a battery on Mr. Graham in Mrs. Graham's presence in the course of arresting Mr. Graham. Restatement (Second) Torts, §§ 132, 133 (1965). Alternatively, a jury could find that in Mrs. Graham's presence, Deputy Rashe deprived Mr. Graham of his state constitutional right to be free from excessive force. A jury could further find that Mrs. Graham suffered personal injury (severe emotional distress) "resulting from . . . battery," and that this personal injury was "caused by" Deputy Rashe "acting within the scope of [his] duties." Alternatively, a jury could find that Mrs. Graham suffered personal injury (severe emotional distress) "resulting from . . . deprivations of . . . rights . . . secured by the constitution . . . of . . . New Mexico," and that Mrs. Graham's personal injury was "caused by" Deputy Rashe "acting within the scope of [his] duties."

In making an "*Erie*-guess" the Court's goal is to make an accurate prediction of how the state's highest court would decide the question. *Grynberg v. Total S.A.*, 538 F.3d 1336, 1354 (10th Cir. 2008). The New Mexico Supreme Court applies the following principles in construing a statute:

> "Our principal goal in interpreting statutes is to give effect to the Legislature's intent." To glean the Legislature's intent, the Court "first turn[s] to the plain meaning of the words at issue." This Court will only proceed with further statutory analysis "[i]f the relevant statutory language is unclear, ambiguous or reasonably subject to multiple interpretations."

*In re Grace*, 2014-NMSC-034, ¶ 34. The Court perceives no grounds for departing from the plain meaning rule in interpreting § 41-4-12 and applying it to the record in the present

case. "Personal injury . . . resulting from" clearly is broad enough to capture the emotional distress suffered by a wife who witnesses a law enforcement officer commit a battery or inflict constitutionally excessive force upon her husband. In *Weinstein v. City of Santa Fe*, 121 N.M. 646 (1996), the New Mexico Supreme Court recognized a claim for emotional distress on behalf of the parents of a rape victim where the negligence of law enforcement officers enabled the rapist to remain at large at the time of the rape. If, as *Weinstein* recognizes, law enforcement officers can be liable to the parents of a rape victim for emotional distress resulting from witnessing a battery on their daughter by a third-party rapist, then surely a law enforcement officer may be held liable for a plaintiff's emotional distress when the officer himself committed the battery on the plaintiff's loved one from which the plaintiff's emotional distress resulted. The Court is persuaded that Mrs. Graham's claim for intentional infliction of emotional distress falls squarely within the waiver of immunity provided by NMSA 1978, § 41-4-12. That said, the Court recognizes that there is no New Mexico precedent directly on point.

    Having dismissed all of Plaintiffs' federal claims, and recognizing that Count IV presents a novel and complex issue of New Mexico law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(1) and (3). The Court will remand this case so that the issues presented by Count IV may be resolved in state court where a definitive ruling, rather than a mere *Erie*-guess, may be obtained. To preserve the issues presented by Count IV for determination by a New Mexico state court, the Court will deny Defendants' motion without prejudice as to Count IV.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's Complaint [Doc. 27] is **granted** as to all federal claims asserted in Counts I-III of Plaintiff's Complaint and **denied without prejudice** as to Count IV.

**IT IS FURTHER ORDERED** that this case is remanded to the Third Judicial District Court of Doña Ana County, whence it was removed.

So ordered this 30th day of March, 2015.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge